UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| WILLIAM JOSEPH TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:25-CV-75-TAV-CRW |
| MICHELLE GILLIAM, A. MCCREADY, SULLIVAN COUNTY, and SULLIVAN COUNTY SHERIFF'S OFFICE, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed in the Sullivan County Detention Center, filed a pro se civil rights action under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 3]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis* [Doc. 3], permit Plaintiff's First and Fourteenth Amendment claims to proceed against Defendants Michelle Gilliam and A. McCready in their individual capacities, and dismiss all remaining claims and Defendants.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 3] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District

Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and furnish a copy of this Memorandum Opinion and Order to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B.    Plaintiff's Allegations**

On or about September 16, 2024, Detective Michelle Gilliam interviewed Plaintiff for approximately five minutes at the Sullivan County Sheriff's Office ("SCSO") [Doc. 1 pp. 3–4]. The subject of the interview was incoming, privileged legal mail Plaintiff had received from the Chester County Criminal Court Clerk [*Id.* at 4]. At approximately 1:15 p.m., Corrections Officer ("CO") Cooper escorted Plaintiff from his cell to the mailroom, where A. McCready, the mailroom CO, opened and inspected, in Plaintiff's presence, legal mail he had received from the Putnam County Criminal Court and the Madison County

3

Criminal Court [*Id.*]. CO McCready provided Plaintiff with copies of these legal materials, resealed the documents in their original envelopes, and advised Plaintiff that the original documents would be stored in his personal property [*Id.*].

Approximately 15 minutes later, Detective Gilliam came to Plaintiff's housing unit with the legal documents—now reopened—that CO McCready had just copied for Plaintiff [*Id.*]. Detective Gilliam "stated that [Plaintiff] would not be receiving [any] more privileged/legal mail until she personally reviewed such mail" [*Id.*]. CO McCready "had no objectively valid reason" to give Plaintiff's mail to Detective Gilliam [*Id.* at 5].

Since September 16, 2024, "all of [Plaintiff's] in-coming privileged/legal mail has been unjustifiably withheld upon the request of [D]etective Gilliam" [*Id.* at 4]. This includes privileged/legal mail from the Haywood County Criminal Court and the Monroe County Criminal Court [*Id.*]. Plaintiff does not have any "idea of what other types of privileged/legal mail . . . ha[ve] been withheld[,"] but his criminal attorney told him that Detective Gilliam "has seized and withheld over (15) pieces of [his] incoming privileged/legal mail" since September 16, 2024 [*Id.* at 4–5]. Plaintiff has never received any notice that his incoming legal mail is being withheld, and he has not been offered the opportunity to oppose the decision [*Id.* at 4]. Plaintiff filed a grievance concerning the matter, and the response stated that his "incoming privileged/legal mail was being held at the request of [D]etective Gilliam and the Sullivan County Sheriff's Office" [*Id.* at 5].

Aggrieved, Plaintiff filed this action against Detective Gilliam, CO McCready, Sullivan County, and the SCSO alleging a violation of his rights under the First and Fourteenth Amendments [*Id.* at 3, 5].

4

C.   Analysis

Plaintiff cannot maintain a § 1983 action against the SCSO, as a sheriff's office is not an entity subject to suit under § 1983. *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Therefore, this Defendant will be dismissed.

Sullivan County, however, is a suable entity. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978). And Sullivan County is the real party in interest as to any claims against Detective Gilliam and/or CO McCready in their official capacities as employees of the SCSO. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell*, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But to maintain a claim against Sullivan County, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of an unconstitutional policy or custom of the County itself. *See Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). That is, "a plaintiff must identify the policy, connect the policy to [Sullivan County] itself and show that the particular injury was incurred because

5

Case 2:25-cv-00075-TAV-CRW   Document 5   Filed 05/13/25   Page 5 of 8   PageID #: 22

of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and internal quotation marks omitted).

Here, Plaintiff maintains that "Sullivan County's 'official' policy pertaining to privileged/legal mail procedure was the 'moving force' to the deprivation of [Plaintiff's] constitutional rights[,]" because CO McCready and Detective Gilliam "failed to follow established procedures" [Doc. 1, p. 5]. But this allegation does not permit a plausible inference that Plaintiff suffered a constitutional injury because of a SCSO policy or custom, as Plaintiff concedes that Detective Gilliam and CO McCready failed to follow established SCSO policy in seizing and withholding his legal mail. And liability under § 1983 may not be imposed merely because a municipality employs someone who has violated a plaintiff's rights. *See Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Accordingly, Plaintiff has not stated a plausible constitutional claim against these Defendants, and the Court will **DISMISS** the SCSO, Sullivan County, and all official-capacity claims against Detective Gilliam and CO McCready.

However, the Court finds Plaintiff has stated colorable First and Fourteenth Amendment claims against Detective Gilliam and CO McCready in their individual capacities, as he alleges that they have interfered with his legal mail without affording Plaintiff a means to object to the practice. *See, e.g., Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003) (noting heightened, protected First Amendment right to receive legal mail); *cf. Stanley v. Vining*, 602 F.3d 767, 769–70 (6th Cir. 2010) (finding no procedural due process violation where prisoner deprived of mail received a post-deprivation hearing).

Accordingly, the Court will permit Plaintiff's claims to **PROCEED** against Detective Gilliam and CO McCready in their individual capacities.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff has set forth a plausible First and Fourteenth Amendment interference-with-legal-mail claims against Defendants Gilliam and McCready, and these claims will **PROCEED** against Defendants Gilliam and McCready in their individual capacities;

5. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Gilliam and McCready;

6. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

7. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

9. Defendants shall answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

10. All other claims and Defendants are hereby **DISMISSED**; and

7

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE